Lewis *vs.* Horne.

---

SARAH E. LEWIS, administratrix, plaintiff in error, *vs.* J. R. G. HORNE, defendant in error.

(BY TWO JUDGES.)  1. Where a widow, as administratrix of her husband, sues on a note made prior to June 1st, 1865, and offers to prove that herself and her minor children are the sole heirs of her intestate, that there are no creditors, and that the entire assets of the estate are less than the amount exempt under the homestead laws, the case should not be dismissed for want of the tax affidavit, under the Relief Act of 1870. Had the proof been made, it would have brought the case within the 14th section of that Act.

2. Where a tax-payer returns notes held by him in bulk, at what he considers them worth, and pays the taxes regularly on the gross amount so returned, it is a sufficient compliance with the Act to carry the case to the jury. 20th February, 1872.

Relief Act of 1870. Widows and minors. Before Judge CLARK. Sumter Superior Court. December, 1871.

Mrs. Lewis, as administratrix of her husband, sued Horne upon his note, made in 1861. She filed an affidavit as to

payment of taxes on the note, and Horne .filed his counter-affidavit. She proposed to prove that she and her minor children were the sole heirs of her husband, that the estate owed no debts, and all its assets belonged to her and her children, and all were worth less than $3,000 00, the sum exempt from sale under the homestead law; and contended that this case was excepted from the operations of the Relief Act of 1870. The Court ruled that said evidence would not except the case from the operation of said Act. Her agent then swore that, ever since she was administratrix, he gave in this note, with others, in bulk, at about $1,500 00, for taxation, till 1870, when he gave them in at $100 00, part, say $1,000 00, having been sued and payment being pleaded before 1870. He did not remember giving in this identical note, but gave in all the claims, in bulk, at what he thought them worth.

The Court dismissed the cause because this was not sufficient proof of the payment of taxes.

HAWKINS & GUERRY, for plaintiff in error.

W. A. HAWKINS, for defendant.

MONTGOMERY, Judge.

This case comes up under the Relief Act of 1870—the suit being upon a note made prior to June, 1865, by the defendant in error.

An affidavit of the payment of taxes was filed, and the fact of such payment controverted by defendant. The payment of the tax was shown by the testimony of the agent of the plaintiff, in whose hands the note sued on, with others belonging to the estate, had been placed. He testified that he had regularly returned all of the notes for taxes at a gross amount, which he thought their value, and paid the taxes on such amount. The Court held the proof insufficient. In this, we think, the Court erred.

1. It is not necessary that the owner of a debt should return it at more than its fair market value: R. Code, sec. 801. And where such return is regularly made and the taxes paid, it sustains the affidavit required by the Relief Act of 1870. The fact that the debt is valued, with other debts, at a gross amount, and the whole thus returned can make no difference, provided the value placed upon them is what the person making the returns believes to be their fair market value.

2. The fourteenth section of the Relief Act of 1870 provided, that "nothing in this Act shall be so construed as to affect any claim due any widow or minor," etc. The facts offered to be proven by the administratrix would have clearly shown, if proved, that the sum sued for was a claim due a widow and minors. The Court should have allowed the proof.

Judgment reversed.